431 F.2d 648
 2 Fair Empl.Prac.Cas. 1032, 2 Empl. Prac.
Dec. P 10,303
Bryant FOSTER, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF BULLOCK COUNTY, ALABAMA, R. G. Cook,
Individually and as Superintendent of Education of Bullock
County; Donald C. Parker, Jerroll F. Cope, Sam Waters, and
Dr. Hill Barnett, Individually and as Members of the Board
of Education of Bullock County, Alabama, Defendants-Appellees.
 No. 29409 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 15, 1970.
 Solomon S. Seay, Jr., Montgomery, Ala., for plaintiff-appellant.
 Thomas W. Thagard, Jr., Charles M. Crook, Montgomery, Ala., for defendants-appellees.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The only issue on this appeal is whether or not the district court erred in its finding of fact that certain administrative decisions of the appellee School Board were not motivated by or related to racial discrimination. After a close review of the record, we are not convinced that error was committed and affirm.
 
 
 2
 At the close of the 1968-69 school year, on May 8, 1969, the appellee Board adopted a resolution to reorganize its Central Office. As a result, two administrative positions, i.e. the Assistant Superintendent of Education and the Associate Superintendent of Education, were abolished.[1] This action left the appellant Bryant Foster, a Negro educator and the acting assistant superintendent, and Cecil McNair, a white educator and the acting associate superintendent, without jobs for the forthcoming 1969-70 school year. Accordingly, other positions in the system were offered the two men.
 
 
 3
 The appellant was given the option of becoming Vice Principal of Merrit High School, a formerly Negro school, or a classroom teacher in Bullock County High School, a formerly all white school. Mr. McNair was offered the position of Assistant Principal of South Highland Elementary School, a formerly all white school. Both assistant principal jobs paid the same salary. Mr. McNair took the position offered him, but Mr. Foster declined both of his alternatives.
 
 
 4
 During this period of reorganization, an opening for the position of principal of Bullock County High School became available. Mr. Foster submitted an application for the principalship which was denied by the appellee School Board. The School Board hired a white educator, a Mr. Louie Harrelson, from outside the Bullock County School System.
 
 
 5
 On October 10, 1969, appellant filed this civil action pursuant to Title 28, U.S.C., Sections 1331 and 1343, for damages and injunctive relief to redress deprivation of rights secured by Title 42, U.S.C., Sections 1981 and 1983. Appellant contends that the appellee School Board's decision to abolish the assistant superintendent position and its denial of his application for the principalship were motivated by and related to racial discrimination. The district court had a full evidentiary hearing including extensive examination and cross-examination of the appellant and the Chairman, Superintendent, and Curriculum Director of the appellee School Board. After hearing this testimony the trial judge made extensive findings including the following: that the Central Office in the operation of the Bullock County School System, administratively, had been overloaded; that there was some duplication of areas of authority and responsibility; that from an administrative and educational standpoint, the basis for abolishing and the reasons for abolishing the positions of Associate Superintendent and Assistant Superintendent were acceptable; that abandonment of these jobs was not racially motivated; that at or about the time Mr. Foster was terminated, or that his position as Assistant Superintendent of Education for Bullock County was abolished, he made an application to be the Principal of the Bullock County High School; that his application was given due consideration by the Board, but the Board, in appraising and considering other applications, determined that Louie Harrelson was qualified and better suited for the position and hired Harrelson for the position and, of course, denied Foster's application for the position; that acceptable criteria were used by the Board in appraising these applications; that race was not a basis for denying Mr. Foster the principalship; that Harrelson was eminently qualified, both from a formal education standpoint and from experience, and that his qualifications were as good or better than those of the plaintiff Foster.[2]
 
 
 6
 We think the record clearly and convincingly supports the trial judge's findings. The appellant failed below to demonstrate that the School Board's decisions were arbitrary or based on racial discrimination. The judgment appealed from was correct.
 
 
 7
 Affirmed.
 
 
 
 [1]
 Both positions were identical in salary and authority, and similar in duties
 
 
 [2]
 The record shows that Mr. Harrelson received his Master's degree in 1963, and since that time had completed twenty-eight hours beyond his Master, and had done academic work as recently as 1965. Moreover, since Bullock County High School at the time was undergoing a process of complete integration, the Board was looking for a fairly young man with disciplinary experience. Mr. Harrelson was forty-eight years old and had just completed a six year term at Opelika High School which had gone through an integration transition. On the other hand, Mr. Foster was sixty years old and had not done any formal work beyond his Master's since 1953 or 1954. Although there was no evidence to indicate that Mr. Foster would be a less successful disciplinarian than Mr. Harrelson, there was evidence that while Mr. Foster was Assistant Superintendent his work had been found deficient and that additional personnel were assigned to help him